WILLIAM H. WILSON, JR. AND CAROL J. WILSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilson v. Commissioner
Docket No. 16469-89
United States Tax Court
T.C. Memo 1990-616; 1990 Tax Ct. Memo LEXIS 689; 60 T.C.M. (CCH) 1366; T.C.M. (RIA) 90616; December 5, 1990, Filed William H. Wilson, Jr., for the petitioners. Mae J. Lew, for the respondent. KORNER, Judge. KORNER
*1981 MEMORANDUM OPINION Respondent determined deficiencies in tax and additions to tax against petitioners as follows: Year Ending Deficiency In [1] Additions to Tax *690 December 31 Income Tax
[2] Section 6653(b) 1976
$ 10,303
$ 5,152
1977
63,644
31,822
1978
47,436
25,303
1979
140,801
70,401
1980
141,927
70,964
Petition, answer, and reply having been properly filed, the case is presently before us on *1982 respondent's motion for summary judgment, on the grounds that there are no material facts left in issue in this case, and it can be decided as a matter of law; petitioners oppose the motion. The parties submitted a written stipulation of facts, together with exhibits, at the time of hearing of the instant motion. In addition, respondent served upon petitioners a request for admissions, filed June 25, 1990, to which petitioners did not respond, so that the facts therein are deemed to be admitted by petitioners under the provisions of Rule 90(c). To the extent that the facts deemed admitted are inconsistent with the facts as stipulated by the parties herein, the stipulation shall control. As established by this record, the relevant material facts of this case are as follows: At the time *691 the petition herein was filed petitioners resided in Malden, Massachusetts. Petitioners filed joint income tax returns for the calendar years 1976 through 1980. During the years in issue, petitioner [3] was an accountant and was employed as the treasurer of New England Book Components, Inc. (hereinafter "NEBC"). Petitioner owned 33 shares of the stock of NEBC, which represented 30 percent of the total shares outstanding at the time. Petitioner also owned 30 percent each of New England Book Components Equipment Co. and New England Book Real Estate Trust. The other shareholders of all these entities during the years at issue were Edmond J. Corvelli, Jr. (president), James F. Middleton (vice president and clerk), and Edward A. Moneghan (vice president). Beginning around December 1975 or January 1976 petitioner participated in a tax evasion scheme to divert funds from NEBC for his personal use and the personal use of the *692 other three shareholders. Beginning in 1977 petitioner diverted additional corporate funds for his own use only, without the knowledge of the other three shareholders. Petitioner diverted cash from NEBC during the years in issue by drawing NEBC checks to fictitious payees, including the Stephen Green Paper Company, for nonexistent supplies, depositing the checks in an account which he controlled in the name of such paper company or fictitious payee, and withdrawing the cash from said account for his personal use. In addition, NEBC paid for certain personal expenses of petitioners, and corporate assets were sold with the proceeds divided amongst the corporate officers, including petitioner. Petitioner and/or the other corporate officers kept a personal ledger describing the personal expenses paid through the corporation, the amounts, and the check numbers. As a result of petitioner's participation in the scheme to divert funds from NEBC during the years 1976 through 1980, petitioner received distributions from NEBC in the following amounts which he failed to report on his Federal income tax returns filed for those years: YEAR
AMOUNT
1976
$ 22,243
1977
97,442
1978
69,974
1979
106,511
1980
168,830
*693 Around December 1980, the other shareholders of NEBC discovered that petitioner had continued to divert moneys from NEBC throughout the years 1977 through 1980, and in April 1981 petitioner's employment at NEBC was terminated. Prior to December 31, 1980, petitioner had not discussed any possible buy out of his shares of stock in NEBC, New England Book Components Equipment Co., and/or New England Book Real Estate Trust with the other corporate officers. Further, prior to December 31, 1980, petitioner had not indicated to the other corporate officers any wishes he may have had of having his shares redeemed by the corporation or of giving up his role as an officer of the corporation. Petitioner and NEBC entered into a purchase agreement in December 1982 at which time it was agreed between the corporation and petitioner that his shares of stock in NEBC, New England Components Equipment Co., and New England Book Real Estate Trust would be purchased by the corporation in exchange for the amount of money petitioner had diverted from NEBC, namely, $ 525,000. Petitioner received no cash from this transaction. On September 12, 1985, petitioner was convicted in the United States District *694 Court for the District of Massachusetts of willfully attempting to evade or defeat income taxes under section 7201 for the taxable years 1978, 1979, and 1980. Said conviction was affirmed by the United States Court of Appeals for the First Circuit in 1986. The tax evasion scheme utilized by petitioner to divert funds from NEBC during the years 1978, 1979, and 1980, for which he was convicted, was similar to the scheme used by petitioner during the years 1976 and 1977. The moneys diverted by petitioner from NEBC during the years 1976 through 1980 were never put into an escrow account and said moneys were within the complete control of petitioner at all times. The moneys were used by *1983 petitioner to purchase stock, rare coins, personal items such as a Porsche car, and the like. Rule 121(b) provides in relevant part that the Court may decide a case before it by summary judgment "* * * if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Respondent, the party *695 moving for summary judgment in this case, has the burden of demonstrating that no genuine issue as to any material fact exists, and that he is entitled to judgment as a matter of law. ; . The facts relied upon by respondent must be viewed in the light most favorable to petitioner so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. ; . Nevertheless, the motion must be granted if the Court is satisfied that no real actual controversy is present so that the remedy can serve "its salutory purpose in avoiding a useless, expensive, and time-consuming trial where there is no genuine material fact issue to be tried." . Applying these rules, we conclude that there is no genuine issue of material fact left in this case, and that respondent is entitled to prevail *696 as a matter of law. The agreed and admitted facts in this record show that petitioner abstracted funds from NEBC in the years before us in the amounts which we have found. Such funds, taken by petitioner and used by him for his own purposes, clearly constituted gross income to him even though they may have been embezzled. . Petitioner's argument -- that there remains a question of significant fact, in that the abstracted funds were allegedly placed in escrow pending the outcome of a negotiation between petitioner and the other stockholders as to the repurchase of his stock in NEBC -- is clearly without merit and is belied by the facts in this record which petitioners admitted and stipulated. As to the deficiency in tax, and based upon the amounts of underreporting to which the parties have stipulated, respondent is clearly entitled to prevail. Likewise, with respect to the addition for fraud against petitioner only, the admissions and stipulations of the parties demonstrate that petitioner (a) caused an underpayment of his tax for each of the years in question, and (b) that such underreporting was due to petitioner's *697 fraudulent intent to evade his tax. The burden of proof placed on respondent by section 7454 is satisfied. Under the principles of collateral estoppel, petitioner is estopped from denying that he was guilty of fraud for the years 1978, 1979, and 1980, by reason of his conviction under section 7201, as we have above described. ; , affd. . Petitioner has further stipulated that the method employed by him in 1976 and 1977 was the same as that for which he was convicted in later years. Respondent has accordingly carried his necessary burden of proof to establish fraud by clear and convincing evidence for all five years before us. Respondent's motion for summary judgment will be granted. An appropriate order will be entered. Footnotes
1. Additions to tax were determined against petitioner William H. Wilson, Jr. only.↩
2. All statutory references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
3. As used hereinafter, "petitioner" will refer to petitioner William H. Wilson, Jr.↩